■ In the Matter of JARED S. and Another, Children Alleged to be Neglected. MONET S., Appellant; ADMINISTRATION FOR CHILDREN's SERVICES, Respondent. [911 NYS2d 339]—

Order of disposition, Family Court, Bronx County (Monica Drinane, J.), entered on or about October 8, 2008, which, upon a fact-finding determination that respondent father neglected his children, inter alia, placed the subject children in the custody of the non-respondent mother under the supervision of the Administration for Children's Services (ACS) for 12 months, referred the father to parenting skills and batterers' programs, and directed him to cooperate with other ACS referrals, unanimously affirmed, without costs.

The finding of neglect was supported by a preponderance of the evidence, including testimony that the father engaged in acts of domestic violence against the children's mother, and placed two knives under one child's chin at his throat, while threatening to kill the child (see Matter of Niyah E. [Edwin E.], 71 AD3d 532, 533 [2010]; Matter of Enrique V. [Jose U.V.], 68 AD3d 427 [2009]).

A single incident of domestic abuse is sufficient to support a finding of neglect where the parent's judgment was strongly impaired and the child was exposed to a risk of substantial harm, as here (see Matter of Kayla W., 47 AD3d 571, 572 [2008]).

There are no grounds for disturbing the court's credibility determinations, including the weight to be given to any inconsistencies in testimony, because the trial court was in the best position to observe and assess the demeanor of the witnesses (see Matter of Nathaniel T., 67 NY2d 838, 842 [1986]).

The court providently exercised its discretion in limiting testimony concerning the mother's past history of mental illness or "unusual behavior." Concur—Tom, J.P., Andrias, Nardelli, Acosta and DeGrasse, JJ.